

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. 0-4166
Re: Grand jury bailiff may not be
appointed deputy sheriff to
serve without pay.

Your request for an opinion of this department reads:

"The grand jury bailiff here desires to be appointed as a deputy sheriff, without pay, in order to assist the Sheriff on various matters at times when he is not engaged in discharging his duties as grand jury bailiff, and I have been requested for an opinion as to whether or not he may be appointed in such capacity.

"I refer to your opinions No. 0-122 and No. 0-373.

"Those opinions deal with instances in which pay is to be received in both capacities. I was wondering if you would make any distinction in a case where the officer was to draw pay only as a grand jury bailiff, and in view of the fact that his pay exceeds $40.00 a month, whether he could be permitted to serve.

"In view of the fact that the Commissioners' Court fixes the number and the pay of deputies, would it be necessary to obtain their permission for appointment of another deputy without pay."

We held in our opinion No. 0-373 that the Constitution of Texas prohibits a deputy sheriff from serving as bailiff to the grand jury and accepting pay for both offices. We likewise held in such opinion that a deputy sheriff and a grand jury bailiff are both officers of the State.

Articles 367 and 367b, Code of Criminal Procedure, provide for the appointment of grand jury bailiffs. Article 368, Code of Criminal Procedure, provides:

"A bailiff is to obey the instructions of the foreman, to summon all witnesses, and, generally, to perform all such duties as the foreman may require of him. One bailiff shall be always with the grand jury, if two or more are appointed."

Thus it is apparent that a grand jury bailiff is subject at all times to the performance of his duties as such during the period the grand jury is in session.

A deputy sheriff is subject to the orders of the sheriff and could be required by the sheriff to perform certain duties even though he was entitled to no salary therefor. It is possible therefore that there might be a conflict between the sheriff and grand jury. If the sheriff should call upon his deputy to perform a duty during the time of his service to the grand jury, there would be such a conflict of authority as to render the offices incompatible.

We held in our opinion No. O-1263 that a deputy sheriff could not hold a commission as a special Ranger even though he was to draw no pay for the latter position. We believe such opinion forecloses the question submitted and required our answer in the negative. We enclose a copy of such opinion for your consideration.

In view of our answer to your first question, it is unnecessary to answer the second question submitted.

Yours very truly

APPROVED NOV. 6, 1941

ATTORNEY GENERAL OF TEXAS

(Signed) GROVER, SELLERS
FIRST ASSISTANT ATTORNEY GENERAL.

By (Signed) LLOYD ARMSTRONG
Assistant

LA:GO

ENCLOSURE

APPROVED OPINION COMMITTEE
BY B.W.B. CHAIRMAN